546 So.2d 116 (1989)
CITY OF BOCA RATON and Emil F. Danciu, Appellants,
v.
PALM BEACH COUNTY, a Political Subdivision of the State of Florida, and Jackie Winchester, As Supervisor of Elections of Palm Beach County, Florida, Appellees.
No. 88-2941.
District Court of Appeal of Florida, Fourth District.
July 12, 1989.
Frank S. Bartolone, City Atty., and Christine P. Tatum, Asst. City Atty., Boca Raton, for appellants.
Richard W. Carlson, Jr., Asst. County Atty., West Palm Beach, for appellees.
PER CURIAM.
We affirm an order denying a petition to enjoin a referendum on the following proposed amendment to the county charter:
Shall the Palm Beach County Charter, Section 1.3 and Article VII, be amended by Ordinance Number 88-21 authorizing the County Commission to adopt by majority a countywide ordinance establishing levels of service on major non-municipal roads and restricting the issuance of development orders when those roads are overcrowded; with a majority-plusone vote of the County Commission required to adopt geographic exceptions disapproved by the Planning Council after local government and public input?
The appellants argued that the ballot question failed to reveal the chief purpose *117 of the measure as required by section 101.161, Florida Statutes (1987), and that it was misleading and deceptive.
The trial court determined that the city's arguments essentially constituted reasons why a voter might vote against the proposal, but found that the ballot question was not misleading, nor did it conceal that the effect of its passage would be that county ordinances on the subject would prevail over municipal ordinances.
The trial court added:
The question for the Court to decide is whether it sufficiently informs the voters of what they are to decide so that they may intelligently cast their ballots. One must agree that most ordinances could not be written in 75 words or less without criticism. Considering the fact that the proposal must be submitted to the voters in 75 words or less, interpretations, analyzations, prognostications, and sources of disinformation are inevitable to follow. (Observe the "yes" and "no" distortions, disfigurations, and advertisements of disinformation of Amendment 10 on the ballot.)
The ballot question seeks to authorize the "County Commission to adopt ... a countywide ordinance establishing levels of service on ... non municipal roads and restricting the issuance of development orders when those roads are overcrowded ..." It is as plain as the nose on one's face what authority the County wants, the question is whether the voters want to give such authority. The pros and cons will of course be the source of much advertising and debate.
The case law requires that,
"In order for a court to interfere with the right of the people to vote on a proposed constitutional amendment the record must show that the proposal is clearly and conclusively defective." Askew v. Firestone, 421 So.2d 151 [Fla. 1982]
Removing the amendment from the voters' right to be heard should require clear and convincing evidence of almost unassailable constitutional or statutory violation. The Court easily reaches the decision that there is no violation of Florida Statute Section 101.161.
AFFIRMED.
HERSEY, C.J., and LETTS and STONE, JJ., concur.